Zhang-Zhou v. Sessions

BIA
Cheng, IJ
A205 338 164

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

XIE ZHANG-ZHOU,
> *Petitioner,*

v.                                        16-1007
                                          NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Keith S. Barnett, New York, NY.

FOR RESPONDENT:           Chad A. Readler, Acting
                          Assistant Attorney General; Eric
                          W. Marsteller, Senior Litigation
                          Counsel; Scott M. Marconda,
                          Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xie Zhang-Zhou, a native and citizen of the People's Republic of China, seeks review of a March 8, 2016, decision of the BIA affirming an October 27, 2014, decision of an Immigration Judge ("IJ") denying Zhang-Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xie Zhang-Zhou,* No. A205 338 164 (B.I.A. Mar. 8, 2016), *aff'g* No. A205 338 164 (Immig. Ct. N.Y. City Oct. 27, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Zhang-Zhou was not credible.

First, the agency reasonably relied on the inconsistencies in and omissions from Zhang-Zhou's credible fear interview about whether he was arrested, detained, or harmed in China due to his Yiguan Dao religion. *See Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are, for [credibility] purposes, functionally

3

equivalent."); *Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (observing that the agency may base an adverse credibility determination on inconsistencies arising from a credible fear interview). Zhang-Zhou's statements during his credible fear interview directly contradicted the representations in his application and testimony that he was arrested for practicing Yiguan Dao. At the interview, he stated he was never harmed in China on account of his religion and had never been arrested or detained. The agency reasonably rejected as implausible Zhang-Zhou's explanation that he did not remember his arrest and detention, when that is why he claims to have fled China in the first place. *See Majidi*, 430 F.3d at 80; *Zhang*, 585 F.3d at 725 ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Second, the agency reasonably relied on the omission of Zhang-Zhou's arrest, detention, and religious practice from his wife's letter. *See Lin*, 534 F.3d at 167 (affirming adverse credibility determination based, in part, on omissions from corroborating letters). Zhang-Zhou

4

testified that his wife was aware of his practice of Yiguan Dao and had paid to secure his release from detention; however, his wife reported only that she was harassed by the village head and government officials every few days, but did not reference Zhang-Zhou's practice or arrest. Zhang-Zhou initially explained that his wife did not mention his practice of Yiguan Dao because she was already aware of it. The IJ was not compelled to accept Zhang-Zhou's explanations for the omission because Zhang-Zhou conceded that the letter was prepared for court and because his responses did not otherwise relate to the omission. *See Majidi*, 430 F.3d at 80.

Third, the agency's adverse credibility determination is bolstered by the IJ's observations of Zhang-Zhou's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii). "We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), particularly where, as here, the demeanor finding is directly linked to an inconsistency in the record, *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as

here, they are supported by specific examples of inconsistent testimony.").

Last, the agency reasonably found Zhang-Zhou's corroborating evidence insufficient to rehabilitate his credibility. *See Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Although the parties stipulated that Zhang-Zhou's witness would have testified that Zhang-Zhou attended a Yiguan Dao temple in the United States, the IJ reasonably found this testimony insufficient to rehabilitate Zhang-Zhou's claim because it did not relate to his allegations of past harm and there was no documentary evidence linking Zhang-Zhou or his witness to the temple. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)).

Given the demeanor, inconsistency, and omission findings, all of which related to the main basis of Zhang-

Zhou's claim—his Yiguan Dao practice and arrest—we conclude that the totality of the circumstances supports the adverse credibility determination. *See Lin*, 534 F.3d at 165-66; *Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("Because the [agency] has identified a material inconsistency in an aspect of [petitioner]'s story that served as an example of the very persecution from which he sought asylum, we hold that the inconsistency afforded substantial evidence to support the adverse credibility finding." (citation and internal quotation marks omitted)). A reasonable adjudicator would not be compelled to conclude otherwise. *Lin*, 534 F.3d at 167. The credibility finding is dispositive of Zhang-Zhou's claims for asylum, withholding of removal, and CAT relief because all of these claims are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7